IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARNELL WESLEY MOON,<br>No. 34077-044, | )<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Case No. 12-cv-983-MJR |
| WENDY J. ROAL,<br>FERNANDO CASTILLO,<br>S. JULIAN, J. PARENT,<br>WINKLEMEYER,[1] and<br>THE UNITED STATES of AMERICA, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at USP-Marion ("Marion"), has brought this *pro se* civil rights action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); § 2671 *et seq.*, and the Administrative Procedures Act, 5 U.S.C. 701 *et seq.*

Specifically, Plaintiff states that for many months he has been suffering from severe and ongoing pain, swelling, and restriction of movement in his left arm. Plaintiff was diagnosed with calcific bursitis in 2008, and his arm was broken in 2010 when Plaintiff was assaulted by a guard in USP-Terre Haute (Doc. 1, pp. 8-9). After the fracture, the same arm was hurt again in another incident, but Plaintiff was never provided with any medical attention

---

[1] Plaintiff included Defendant Winklemeyer in his list of Defendants on page 8 of the complaint (Doc. 1), but omitted him/her from the caption. The Clerk shall be directed to add this Defendant to the docket sheet.

following that injury. He was transferred to Marion on January 9, 2012, and the condition of his arm has become steadily worse. However, his requests for pain medication and for examination of the arm have been ignored by Defendants Castillo (a physician's assistant) and Julian (the Associate Warden of Operations), despite his assertion that at one point, the arm was swollen to twice its normal size (Doc. 1, pp. 9-10).

In addition to his claim of deliberate indifference to serious medical needs, Plaintiff contends that Defendants are liable under the FTCA and the Federal Administrative Procedures Act, for breach of duty, medical malpractice, and gross medical negligence, because of their failure to provide him with medical care (Doc. 1, p. 11).

Plaintiff also complains that the staffing levels at Marion are inadequate to ensure that inmates in the Communications Management Unit ("CMU"), where he is housed, will have access to medical and dental care, particularly in the case of an emergency (Doc. 1, pp. 10-12). Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages (Doc. 1, p. 15).

**Motion for Leave to Proceed In Forma Pauperis**

Plaintiff discloses that he has had three prior civil actions dismissed as legally frivolous[2] (Doc. 1, pp. 3, 7), yet he has filed a motion for leave to proceed in forma pauperis ("IFP") (Doc. 2). Because Plaintiff has previously accumulated at least three "strikes" within the meaning of 28 U.S.C. § 1915(g),[3] this Court must determine whether he is "under imminent

---

[2] *Moon v. Nat'l Asset Recovery Servs., Inc.*, No. 09-cv-0117 (E.D. Mo., dismissed Feb. 2, 2009, as frivolous); *Moon v. United States*, No. 09-cv-0006 (E.D. Mo., dismissed Feb. 3, 2009, as frivolous); and *Moon v. Nat'l Asset Recovery Servs., Inc.*, No. 09-cv-1129 (E.D. Mo., dismissed July 28, 2009, as frivolous).

[3] § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

danger of serious physical injury," such that this action should be allowed to proceed without full pre-payment of the filing fee, despite the fact that Plaintiff has "struck out."

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In the case at bar, Plaintiff's complaint contains allegations that lead the Court to conclude that he could be under imminent danger of serious physical injury. Although he describes past injuries to his left arm, the pain, swelling, and restricted movement are ongoing conditions which he contends have been made worse by the Defendants' refusal to provide medical attention.

It is therefore **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 5.28**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit

---

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

    this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

To enable the Bureau of Prisons to remit these payments to the Clerk of Court as required by 28 U.S.C. § 1915, **IT IS FURTHER ORDERED** that Plaintiff shall complete, sign and return one "Consent Form -- *In Forma Pauperis* Proceedings" to the Clerk of this Court in the envelope provided, within **FIFTEEN (15) DAYS** of the date of entry of this order. The Clerk is **DIRECTED** to provide two copies of the appropriate form to Plaintiff with his copy of this Order, along with a pre-addressed return envelope. Failure to provide the Bureau of Prisons with this authorization **shall be grounds for dismissal of this case**. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). However, Plaintiff will still be liable for the full filing fee for this action.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Castillo and Julian for deliberate indifference to medical needs (Count 1) and against Defendant United States of America under the Federal Tort Claims Act (Count 2).

However, Plaintiff fails to state a cognizable claim under the Administrative Procedures Act ("APA")*,* 5 U.S.C. § 701 *et seq*. The APA governs the rule-making and

adjudication procedures of federal agencies.  The Bureau of Prisons ("BOP") is an "agency," therefore the APA applies to the BOP.  *See Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002); 5 U.S.C. § 551.  The APA outlines procedures that are to be followed in cases of adjudication by a federal agency.  *See* 5 U.S.C. §§ 554, 556, 557.  However, these procedures apply only to formal adjudications that are "required by statute to be on the record after opportunity for an agency hearing."  *See* 5 U.S.C. § 554(a).  This means that some statute outside the APA must trigger this type of formal adjudication.  *See generally United States v. Florida East Coast Ry.*, 410 U.S. 224 (1973).  Plaintiff has not described any formal adjudication, rule-making, or other proceeding conducted by the BOP and governed by the APA that has affected his rights in any way.  *See, e.g., White v. Henman*, 977 F.2d 292, 294 (7th Cir. 1992) (specialized procedures outlined in the APA do not apply to Bureau of Prisons' disciplinary hearings).  Therefore, Plaintiff's APA claim (Count 3) shall be dismissed.

Plaintiff appears to be attempting to bring a claim in the nature of a class action, over the alleged inadequacy of staffing and facilities for medical and dental care of inmates in the Marion CMU (Count 4).  He claims, for example, that waiting periods to see a dentist are unreasonably long, and emergency medical or dental treatment is not available (Doc. 1, pp. 10-13).  However, all these statements are generalizations, and Plaintiff never alleges that he was harmed by any denial of care due to understaffing or lack of medical equipment.  Such general statements of inadequate conditions are insufficient to state a claim upon which relief may be granted.  *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution). Accordingly, Count 4 shall be dismissed.

Although Plaintiff's claims in Counts 1 and 2 shall receive further consideration, he has not stated a cognizable claim against all the named Defendants. Plaintiff has not described any actions or omissions by Defendants Wendy Roal (the Marion Warden), J. Parent (the Marion Associate Warden of Programs), or Winklemeyer (the Marion Health Services Administrator), to indicate that any of these individuals was personally involved in the denial of his requests for medical care described in Count 1. In order for a Defendant to be liable for damages in a civil rights action, he or she must have personally caused the constitutional violation; there is no supervisory liability in this type of case. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Furthermore, a Plaintiff is required to associate specific defendants with specific claims, in order to put defendants on notice of the claims brought against them, and to allow them to properly answer the complaint. *See* FED. R. CIV .P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Accordingly, the complaint fails to state a claim for damages against Defendants Roal, Parent, or Winklemeyer for deliberate indifference to Plaintiff's medical condition. However, because Plaintiff is also seeking injunctive relief (an order requiring prison officials to provide him with medical tests and treatment), Defendants Roal and Winklemeyer may be necessary parties in the event such relief is warranted. Therefore, Defendants Roal and

Winklemeyer shall remain in the action. Defendant Parent shall be dismissed from this action without prejudice.

As to the FTCA claim in Count 2, the only proper Defendant in such a claim is the United States of America. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, Count 2 shall proceed only against the United States.

**Disposition**

The Clerk is **DIRECTED** to add **DEFENDANT WINKLEMEYER** as a party to this action.

Defendant **PARENT** is **DISMISSED** from this action without prejudice. The APA claim in **COUNT 3** is **DISMISSED** with prejudice. The class action claim in **COUNT 4** is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **ROAL, CASTILLO, JULIAN,** and **WINKLEMEYER**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **ROAL, CASTILLO, JULIAN,** and **WINKLEMEYER** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In order to effect service on Defendant **UNITED STATES OF AMERICA,** the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for

the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), and upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. §

1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED September 26, 2012.

   s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge